111 F.3d 137
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John CAMP, Plaintiff-Appellant,
v.
BOISE CASCADE CORPORATION, a Delaware corporation; Jim
Hughes, individually and in his official capacity
as an employee of Boise Cascade
Corporation, Defendants-Appellees.
 No. 96-35154.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1997.*
Decided April 17, 1997.
 
 Before: WRIGHT, REINHARDT and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Camp appeals dismissal of his retaliatory discharge claim against Boise Cascade. For the reasons stated in the district court's Memorandum of Decision filed on December 7, 1995, we affirm.
 
 
 3
 The plaintiff's employment by Boise Cascade was governed by a Collective Bargaining Agreement with his union. The matter was taken to arbitration and the arbitrator found in favor of the employer, basing the decision on the fact that there was good cause for termination based on the plaintiff's work performance.
 
 
 4
 Camp filed a claim with the Occupational Safety and Health Administration alleging retaliatory termination. That agency made an investigation and determined that there was no basis for the claim.
 
 
 5
 The district court had jurisdiction under the Labor Management Relations Act which preempts most of the claims by the plaintiff-appellant, who asserted no valid state law claim.
 
 
 6
 There was no error by the district court in denying Camp's motion for leave to amend his complaint. The court noted that it would be futile and that the statute of limitations would preclude the court's consideration of those claims on their merits.
 
 
 7
 Camp made a strong argument that the district court should certify the liability question to the Idaho Supreme Court. There was no reason to do so in this case. The appellant has failed to persuade us that Idaho recognizes a cause of action for the conduct alleged in Count III and the proposed Count VI. In any event, certification is a matter of the court's discretion. There was no error.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3